CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 14 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS A. HOGLAN,<br>Plaintiff, | ) Civil Action No. 7:15-cv-00694<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| A. DAVID ROBINSON, et al.,<br>Defendants. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Plaintiff Douglas A. Hoglan, a Virginia inmate proceeding pro se, filed an amended complaint pursuant to 42 U.S.C. § 1983. Plaintiff names four staff of the Virginia Department of Corrections ("VDOC") as defendants: A. David Robinson, the VDOC's Chief of Corrections Operations; Melissa Welch, the Chair of the VDOC Publications Review Committee ("PRC"); and unnamed "PRC Member Number 2" and "PRC Member Number 3."

Presently before me are Plaintiff's and Defendants' various motions after Defendants filed a motion for summary judgment. After reviewing the record, I grant Plaintiff's second motion to amend and Defendants' motion for a protective order. Also, I deny Plaintiff's first motion to amend, motion to electronically file, motion for prisoner correspondence, and request to deny the motion for summary judgment. Ratliffe-Walker and Birckhead are substituted for defendants PRC Member Number 2 and PRC Member Number 3, Welch is terminated, and PRC Member Number 1 is joined. The Clerk shall send a waiver to PRC Member Number 1, and Plaintiff shall respond to the motion for summary judgment within twenty-one days.

**I.**

I first explain the adjudication of Plaintiff's two motions to amend and Defendants' request to substitute parties. For the following reasons, I grant the motions to update the defendants' names, deny the first motion to amend, and grant the second motion to amend.

**A.**

In the second motion to amend, Plaintiff seeks to substitute PRC Member Number 1 for defendant Welch and to terminate Welch.[1] Although Welch is the current Chair of the PRC, she was not a member of the PRC when it disapproved the book Plaintiff sought, <u>Successful Glamour Photography</u>, and added it to the Disapproved Publications List. Pursuant to Federal Rule of Civil Procedure 21, "PRC Member Number 1" is substituted for defendant Welch.

Defendants' counsel notes in the motion for summary judgment that Dana Ratliffe-Walker and Teresa Birckhead are the two unnamed Committee members. Also in accordance with Rule 21, Ratliffe-Walker and Birckhead are substituted for defendants PRC Member Number 2 and PRC Member Number 3.

**B.**

To put the denial of the first motion to amend in the proper context, I briefly describe the four claims Plaintiff pursues in the amended complaint against Robinson, PRC Member Number 1, Ratliffe-Walker, and Birckhead. First, VDOC Operating Procedure ("OP") 802.1 is overbroad and vague for deeming "altered" or "modified" publications and other items as contraband. Second, OP 803.2 violates due process because the actual notice of disapproved photographs and publications is too vague to constitute adequate notice. Third, OPs 802.1 and 803.2 are unconstitutional, both facially and as applied, because they prohibit sexually explicit

---

[1] Plaintiff does not seek specific injunctive relief against Welch in an official capacity.

2

communications. Fourth, OP 803.2 allowed the PRC to prohibit Plaintiff's possession of Successful Glamour Photography. Plaintiff seeks injunctive relief and damages for all four claims.

Via the first motion to amend, Plaintiff seeks to add two claims against Robinson and newly proposed defendants. Plaintiff wants to add claims about an amendment to OP 803.1 in May 2016 that prevents his receipt of e-mailed photographs via a prison's secure messaging service. Plaintiff also wants to add claims concerning a revision to Plaintiff's treatment plan that prohibits his possession of sexually-suggestive items as of April 14, 2016.[2] The newly proposed defendants are four regional staff of the VDOC who relate to the new claims only and not to the claims in the amended complaint.

In the exercise of my discretion, I deny the second motion to amend. Neither of the proposed claims involves the defendant PRC members or Successful Glamour Photography. Furthermore, the proposed claims concern OP 803.1, which is different than OPs 802.1 and 803.2 challenged in the amended complaint. Moreover, delving into the circumstances of the treatment plan will necessitate delving into Plaintiff's crimes, mental health diagnoses, and other circumstances, all factors that would derail this litigation.[3] Because consideration of the proposed claims would cause undue delay and prejudice the rights of most defendants to this

---

[2] Plaintiff was sentenced to fifty-one years' imprisonment after he pleaded guilty to two counts of adulterate drink to injure, two counts of adulterate food, three counts of aggravated sexual battery, one count of unlawful filming/photography, and two counts of possession of child pornography. Commonwealth v. Hoglan, No. CR08000102, CR08000417, CR07000982, CR07001101 (Circuit Ct. Stafford Cnty.) (available via Virginia Circuit Court Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp); see, e.g., Fed. R. Evid. R. 201(b)(2); In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008). While at a prior prison, VDOC staff implemented a treatment plan that, inter alia, prevented his possession of things of a sexual nature. See, e.g., Hoglan v. Robinson, No. 7:13cv258, 2014 U.S. Dist. LEXIS 131975, at *2-5, 2014 WL 4680704, at *1 (W.D. Va. Sept. 19, 2014) (Kiser, J.). That provision was removed from his treatment plan after he was transferred to Green Rock Correctional Center, but prison staff had renewed it on April 14, 2016.

[3] I note that the complaint, amendments, and exhibits for Plaintiff's prior civil action about his treatment plan consisted of nearly 400 pages. Id., 2014 U.S. Dist. LEXIS 131975, at *1 n.1, 2014 WL 4680704, at *1 n.1.

action, the second motion to amend is denied. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Montgomery Envtl. Coal. v Fri, 366 F. Supp. 261, 266 (D.D.C. 1973).

## II.

Also presently pending are Plaintiff's motion to electronically file, Plaintiff's motion for prisoner correspondence, Defendants' motion for a protective order, and Plaintiff's request to deny summary judgment until he receives discovery from Defendants. For the following reasons, I grant Defendant's motion and deny Plaintiff's motions.

Plaintiff has filed a motion asking to allow his mother to electronically file documents on his behalf but still require the court and other parties to mail paper copies of filings to him at his prison. The court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means reads, "Unrepresented incarcerated parties will not be permitted to submit documents or pleadings electronically," and Plaintiff does not proffer that his mother is admitted to practice law in this court to file documents on his behalf. Accordingly, this motion is denied.

Plaintiff explains in the motion for prisoner correspondence that a VDOC policy prevents inmates from corresponding unless they are related. Plaintiff says he needs to correspond with fellow inmate C. Clarke, who ostensibly is not related to Plaintiff, to develop Clarke's affidavit. Plaintiff expects Clarke's affidavit to explain how Clarke ordered the book The Female Nude, Clarke expected the book to be exempt from the "nudity" restriction of OP 803.2 because it is an "educational" book, VDOC staff did not allow Clarke to possess it due to its depiction of "nudity," and Clarke believes VDOC staff "took a subjective and discriminatory approach in . . . disapproving the publication because they disagreed with the artists' intentions for the artwork from the 1970[]s and 1980[]s illustrations." Plaintiff seeks possession of The Female Nude as an

4

exhibit in this case, and Plaintiff believes he is litigating on behalf of other inmates under the overbreadth doctrine. See, e.g., Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973).

Pursuing an overbreadth claim against an OP does not mean that Plaintiff transforms into the litigator for each individual inmate who has allegedly had a publication disapproved due to an OP. Instead, a court must determine whether an OP "reaches a substantial amount of constitutionally protected conduct" to evaluate whether the OP is overbroad. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982). Furthermore, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." Id. (footnote omitted and emphasis added). The adjudication of Plaintiff's claims about the OPs and Successful Glamour Photography does not depend on inmate Clarke's attempt to posses The Female Nude. Accordingly, Plaintiff's motion for prisoner correspondence is denied.

Defendants seek a protective order from Plaintiff's third set of interrogatories.[4] Defendants' invocation of qualified immunity in support of their motion for summary judgment shields them from discovery requests until that issue is resolved. Qualified immunity is "an immunity from suit rather than a mere defense to liability," and it is therefore "effectively lost if a case is erroneously permitted to go to trial." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Indeed, the "driving force" behind the doctrine is the "desire to ensure that 'insubstantial claims against government officials [will] be resolved prior to discovery.'" Id. (alteration in original) (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987)). None of the specific interrogatories or requests Plaintiff seeks is of a

---

[4] The third set of interrogatories mostly consists of questions to which Defendants had already objected in the responses to the first and second sets of interrogatories.

5

character necessitating discovery before resolving qualified immunity. Cf. Crawford-El v. Britton, 523 U.S. 574, 593 n.14 (1998). Accordingly, Defendants' motion for a protective order against Plaintiff's third set of interrogatories and requests is granted, and Plaintiff's motion to deny summary judgment is denied. Cf. Fed. R. Civ. P. 56(d). Although Plaintiff has had more than sixty days to prepare a response to the motion for summary judgment, I grant him twenty-one additional days to submit his response to the motion for summary judgment.

### III.

For the foregoing reasons, I grant Plaintiff's second motion to amend and Defendants' motion for a protective order. I deny Plaintiff's first motion to amend, motion to electronically file, motion for prisoner correspondence, and request to deny the motion for summary judgment. Ratliffe-Walker and Birckhead are substituted for defendants PRC Member Number 2 and PRC Member Number 3, Defendant Welch is terminated, and PRC Member Number 1 is joined. The Clerk shall send a waiver to PRC Member Number 1, and Plaintiff shall respond to the motion for summary judgment within twenty-one days.

ENTER: This 14th day of October, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge